IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| JASON TARVER<br>ADC #133153,<br><br>    Plaintiff,<br>v.<br><br><br>RAY VANCE, Chief Deputy Sheriff,<br>Grant County Sheriff's Office, *et al.*<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br>No. 4:22-cv-00984-JJV |

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

Jason Tarver ("Plaintiff") has filed a *pro se* Complaint and an Amended Complaint alleging that, while he was in the Sheridan Detention Center, Jailer Will Donaham, Jail Administrator Danny Clark, and former Grant County Sheriff Ray Vance violated his constitutional rights by failing to provide him with proper post-operative care after his right testicle was removed in June of 2022. (Docs. 1, 16.) All other claims and Defendants were dismissed without prejudice during screening mandated by 28 U.S.C. § 1915A. (Doc. 22.) Defendant Vance has filed a Motion to Dismiss. (Docs. 24, 25.) Plaintiff has filed a Response. (Doc. 30.) After careful consideration and for the following reasons, the Motion is GRANTED and Defendant Vance is DISMISSED without prejudice from this lawsuit.[1]

**II. RULE 12(B)(6) STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as

---

[1] On March 10, 2023, the parties consented to proceed me. (Doc. 31.)

1

a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Young*, 244 F.3d at 627. The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's

liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557).

**III.    ANALYSIS**

Defendant Vance says Plaintiff has not pled a plausible claim against him because he had no authority or control over the Sheridan Detention Center, which is run by the City of Sheridan. (Docs. 24, 25.)    This argument is well taken.

Because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").    *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").    In the Complaint, Plaintiff says after he returned from the hospital former Sheriff Vance and Jail Administrator Dan Clark: "did nothing in their position of power to make sure my medical needs of my aftercare plan was met by doctor's orders. They told jailers to put me in a Isolation cell." (Doc. 1 at 6.)    But Plaintiff does not explain in the Complaint or Amended Complaint how Vann, as the former Grant County Sheriff, had any control or authority over his health care at the jail run by the City of Sheridan.    Plaintiff's mere conclusory statement that Vance had a "position of power," without any specific factual support, is insufficient to establish his personal involvement. *See Iqbal*, 556 U.S. 662, 678 (2009) ("labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim).

In his Response to the Motion to Dismiss, Plaintiff says he is also bringing a pendent state law claim for negligence.    (Doc. 30.)    According to Plaintiff, he and his mother made Defendant Vance aware of the lack of inadequate medical care and, as the County Sheriff, he was negligent

3

in failing to intervene. (*Id*.) Finally, Plaintiff says that because Defendant Vance had used the jail to house people arrested by county deputies, he should have known the facility did not have medical staff or the ability to give him appropriate post-operative care. (*Id*.)

The problem here is the Complaint and Amended Complaint do not contain a negligence claim or the allegations Plaintiff is now raising in his Response to the Motion to Dismiss. Accordingly, I find the Motion to Dismiss should be granted because the Complaint and Amended Complaint do not plead a plausible claim against Defendant Vance.

### IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendant Vance's Motion to Dismiss (Doc. 24) is GRANTED, and he is DISMISSED without prejudice from this lawsuit.

2. It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 13th day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE