IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON TARVER                          *
ADC #133153,                          *
                                      *
              Plaintiff,              *
v.                                    *
                                      *        No. 4:22-cv-00984-JJV
                                      *
RAY VANCE, Chief Deputy Sheriff,      *
Grant County Sheriff's Office, *et al.*  *
                                      *
              Defendants.             *


## MEMORANDUM AND ORDER

### I.    INTRODUCTION

Jason Tarver ("Plaintiff") has filed this *pro se* action pursuant to 42 U.S.C. § 1983.
Plaintiff claims that while he was in the Sheridan Detention Center ("SDC") in June 2022, Jailer
Will Donaham and former Jail Administrator Danny Clark violated his constitutional rights by
failing to provide him with proper post-operative care.  (Docs. 1, 16.)   All other claims and
Defendants have been previously dismissed without prejudice.  (Docs. 22, 32.)   And the parties
have consented to proceed before me.   (Doc. 31.)

Defendants have filed a Motion for Summary Judgment arguing the case should be
dismissed without prejudice because Plaintiff failed to properly exhaust his available
administrative remedies.   (Docs. 39-41.)   Plaintiff has not filed a Response, and the time to do
so has expired.   After careful consideration and for the following reasons, the Motion is
GRANTED, Plaintiff's inadequate medical care claim against Defendants Donaham and Clark is
DISMISSED without prejudice, and this case is CLOSED.

1

## II.     SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.    Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).    When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.    *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).    The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.    *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).    The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.    *Id.* (citations omitted).    A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.    *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).    Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.    *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.     ANALYSIS

### A.     The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."    42 U.S.C. § 1997e(a).    The purposes of the exhaustion

requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.   *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).   Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."   *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.   *Id.*

### B.    SDC's Exhaustion Policy

The SDC's Inmate Rights and Rules of Conduct says detainees must file a grievance on a provided form that will be reviewed by the Jail Administrator, who will respond on the same form. (Docs. 39-1, 39-2.)   Detainees who are dissatisfied with the response may appeal to Internal Affairs by checking a box labeled "appeal" on the same form.   (*Id*.; Doc. 39-3.)   Detainees may then challenge the Internal Affairs decision by appealing to the Chief of Police, who will make a final decision that ends the grievance process.   (Docs. 39-1, 39-2.)

### C.    Plaintiff's Grievances

Defendant Clark says in his sworn affidavit that Plaintiff's July 13, 2022 grievance is the only grievance he filed about his post-surgical care.   (Doc. 39-1.)   Plaintiff does not challenge that assertion.   On July 14, 2022, Defendant Clark met with Plaintiff and prepared a written response clarifying the Grant County Sheriff's Office had to approve all of Plaintiff's medical care,

the SDC had promptly referred Plaintiff's medical requests to the Sherriff's Office, and narcotics could not be administered in the jail.   (*Id*.)   It is undisputed that Plaintiff did not appeal Defendant Clark's response to Internal Affairs or the Chief of Police, as he was required to do by the SDC's exhaustion policy.   Thus, I conclude Plaintiff failed to fully and properly exhaust his administrative remedies against Defendants Clark and Donaham.[1]   *See Woodford*, 548 U.S. at 90 (proper administrative exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits").

However, that is not the end of the analysis because the PLRA only requires prisoners to exhaust their "available" administrative remedies.   42 U.S.C. § 1997e(a).   Administrative remedies are "available" if they are "capable of use for the accomplishment of a purpose."   *Ross v. Blake,* 578 U.S. 632, 642 (2016).   In contrast, administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*.; *see also Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

In the Complaint, Plaintiff says he did not appeal:

> Because I was not a ADC inmate. I was sitting in the City Detention Center for Grant County Sheriff's office awaiting to sign my plea agreement.   They said it wasn't a grievable matter jailers did.

(Doc. 1 at 5.)   A jailer's misinformation about the grievance process can make it "unavailable." *See Townsend,* 898 F.3d at 783-84.   But here it is undisputed that when Plaintiff entered the SDC

---

[1]   Citing *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014), Defendant Donaham argues he is also entitled to dismissal because the July 13, 2022 grievance did not specifically mention him. But in *Burns*, the Court found inadequate exhaustion because the Arkansas Division of Correction's exhaustion policy required the prisoner to specifically name the individuals involved in the grieved matter. In contrast, the SDC's grievance policy does not have any such requirement. Thus, I conclude this additional argument for dismissal has no merit.

on June 22, 2022, and on a prior occasion, he signed forms indicating he had received a copy of the SDC's rules explaining the grievance process.   (Docs. 39-4, 39-5, 39-6, 39-7.)   Those rules state, in plain language, Plaintiff only had to check a box on the grievance/response form to appeal, and those instructions were repeated on the form itself.   *See Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019) (grievance "procedures need not be sufficiently plain as to preclude any reasonable mistake, as long as an ordinary prisoner can make sense of what it demands"); *Crowley v. Nailor*, No. 19-1293, 783 Fed. Appx. 637, 637-38 (8th Cir. Nov. 4, 2019) (unpublished opinion) (an ADC prisoner's "mistaken belief" on what form he was required to use for an appeal "did not show that the process was unavailable to him").   Even if jailers had told Plaintiff his medical concerns were not grievable, it is undisputed Plaintiff did in fact file a grievance raising those concerns. And, importantly, it is undisputed Defendant Clark denied that grievance on the merits instead of rejecting it for raising a non-grievable matter.   All Plaintiff had to do to appeal Defendant Clark's decision was to check a box on the form.   And he has not presented any evidence or argument explaining why he was prevented or thwarted from doing so.   Accordingly, I conclude Defendants are entitled to summary judgment because Plaintiff did not properly exhaust his available administrative remedies against them.   *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process.   The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.    Defendants' Motion for Summary Judgment (Doc. 39) is GRANTED, Plaintiff's inadequate medical care claim against Defendants Donaham and Clark is DISMISSED without prejudice, and this case is CLOSED.

2.    It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 31st day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE